IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIENNE RIVETT, | ) | |
| | ) | COURT FILE NO. 07 C 6910 |
| Plaintiff, | ) | |
| v. | ) | Judge PALLMEYER |
| | ) | |
| STANLEY WEINBERG & ASSOCIATES, | ) | Magistrate Judge MASON |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Stanley Weinberg & Associates ("SWA"), by their attorneys, Messer & Stilp, Ltd., and as its Answer to the Complaint of Adrienne Rivett ("Rivett"), in the above captioned matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, state and allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

**ANSWER:** SWA admits the allegations in paragraph 1.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**ANSWER:** SWA admits the allegations in paragraph 2.

## PARTIES

3.     Plaintiff, Adrienne Rivett ("Plaintiff"), is an individual who was at all relevant times residing in the City of St. Louis Park, State of Missouri.

**ANSWER:**  SWA denies the allegations in paragraph 3.

4.      At all relevant times herein, Defendant, Stanley Weinberg & Associates, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed for an electric bill.

**ANSWER:**  SWA admits the allegations in paragraph 4.

5.     Defendant is a corporation that has its principal place of business and its offices located in Lombard, Illinois.

**ANSWER:**  SWA admits the allegations in paragraph 5.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. STANLEY WEINBERG & ASSOCIATES

6.     In August of 2007, Plaintiff began receiving telephone calls from Defendant attempting to collect a debt allegedly owed by Plaintiff.

**ANSWER:**  SWA denies the allegations in paragraph 6.

7.     Defendant continued to place repeated telephone calls to Plaintiff as often as eight times in one day.

**ANSWER:**  SWA denies the allegations in paragraph 7.

8.     In said conversations, Plaintiff was told that if Defendant did not receive immediate payment, Defendant would garnish her wages and that not paying off the debt was considered theft.

**ANSWER:**  SWA denies the allegations in paragraph 8.

9. In October of 2007, Defendant began contacting Plaintiff at her place of employment and told Plaintiff that the calls would continue unless Defendant received a request in writing to no longer contact her at work.

**ANSWER:** SWA admits that it contacted Plaintiff at her place of employment but denies that it told Rivett that the calls to Rivett's place of employment would continue unless Defendant received a request in writing to no longer contact Rivett at her place of employment.

10. To date, Plaintiff has never received anything in writing from Defendant regarding the name of the creditor or the amount of the alleged debt owed by Plaintiff.

**ANSWER:** SWA denies the allegations in paragraph 10.

11. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

   a. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. § 1692d(5);

   b. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4)

  c. Falsely represented or implied that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7);

  d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

  e. Within five days of the initial communication, failed to send the consumer written notification containing all of the required information pursuant to the Fair Debt Collection Practices Act in violation of 15 U.S.C. § 1692g.

**ANSWER:** SWA denies the allegations in paragraph 11.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

For its first affirmative defense, SWA states that Plaintiff fails to state a cause of action upon which relief may be granted.

#### Second Affirmative Defense

For its second affirmative defense, SWA states that it did not violate the FDCPA. Rather, SWA complied with all requirements of the FDCPA. SWA did not make any representations that were false deceptive or misleading and did not harass, oppress, or abuse any person in connection with the collection of the debt.

#### Third Affirmative Defense

For its third affirmative defense, SWA states that any alleged violations of the FDCPA on the part of SWA, if true, were not intentional and resulted from a *bona fide*

error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. Therefore, SWA would be exculpated from liability to Plaintiff under §1692k(c) of the FDCPA.

### Fourth Affirmative Defense

To the extent Plaintiff's claim is viable, SWA is entitled to credit for the sum of each valid debt owed by Plaintiff, and all valid fees, costs, penalties or interest arising therefrom.

WHEREFORE, Defendant Stanley Weinberg & Associates, respectfully request that this Honorable Court dismiss Plaintiff's Complaint, enter judgment in their favor and against the Plaintiff and award Defendant their costs and reasonable attorneys' fees incurred in the defense of this matter, and for any relief that this Court deems just.

Respectfully Submitted,

STANLEY WEINBERG & ASSCOIATES,
an Illinois Corporation

**By:**   /s/ J. Michael True
Attorney # 6279941
Attorney for Defendant
Messer & Stilp, Ltd., #36703
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
true@messerstilp.com